UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEO P. ROLAND,<br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, SARENA TOWNSEND, and RUBEN BENITEZ,<br><br>Defendants. | : | **MEMORANDUM AND ORDER**<br>**24-cv-4447 (DLI)(SDE)** |

**DORA L. IRIZARRY, United States District Judge:**

On June 23, 2024, Leo P. Roland ("Plaintiff") initiated this action against the City of New York (the "City"); Sarena Townsend ("Townsend") in her individual capacity; and Ruben Benitez ("Benitez") in his individual capacity (collectively, "Defendants"), asserting, *inter alia*: (1) class and individual claims against the City for discrimination and retaliation in violation of (a) the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); (b) the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"); and (c) the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"); (2) individual claims against the City for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); and (3) individual claims against Townsend and Benitez for violations of NYCHRL. *See*, Compl., Dkt. Entry No. 1. Plaintiff filed an Amended Complaint on December 16, 2024. *See*, Am. Compl., Dkt. Entry No. 25. Defendants answered the Amended Complaint on April 14, 2025. *See*, Answer, Dkt. Entry No. 48.

Defendants moved for judgment on the pleadings pursuant to Rule 12(c), dismissal of the Amended Complaint pursuant to Rule 8, and striking of the class claims pursuant to Rule 23(a). *See*, Defs.' Motion to Dismiss ("Defs.' Mot."), Dkt. Entry No. 66; Defs.' Mem. of Law in Supp.

("Defs.' Mem."), Dkt. Entry No. 67. Plaintiff opposed. *See*, Pl.'s Mem. of Law in Opp'n. ("Pl.'s Opp'n"), Dkt. Entry No. 69. Defendants replied. *See*, Defs.' Reply Mem. of Law ("Defs.' Reply"), Dkt. Entry No. 68. For the reasons set forth below, Defendants' motion is granted, and the Amended Complaint is dismissed pursuant to Rule 8, with leave to amend consistent with this Memorandum and Order.

## BACKGROUND

Unless otherwise indicated, the following facts are as alleged in the Amended Complaint, which, at this juncture, the Court must accept as true. *See*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The Amended Complaint is 157 pages long with 867 paragraphs. Both Defendants and Plaintiff attempted to summarize its contents in their respective memoranda of law. *See*, Defs.' Mem. at 1-8; Pl.'s Opp'n at 1-8.

Plaintiff is a Black male of Haitian and Puerto Rican ethnicity who began working as a Corrections Officer ("CO") for the New York State Department of Corrections and Community Supervision ("DOCCS") in 2011. *See,* Am. Compl. ¶¶ 11-13. Townsend is a Caucasian female who served as the Deputy Commissioner of DOCCS' Intelligence, Investigation, and Trials Division from April 2018 to February 2022 and oversaw the Investigation Division ("ID"), a specialized unit that investigates use of force complaints within DOCCS. *Id.* ¶¶ 34, 48-49, 86-88. Benitez, a Puerto Rican male, is the Assistant Commissioner of ID. *Id.* ¶¶ 53, 116.

### I. Discrimination and Retaliation at DOCCS

After working as a CO at two different jail facilities between 2011 and 2014, Plaintiff requested a transfer to ID in January 2015. *Id.* ¶¶ 62-65. Plaintiff was selected to join ID the same month and worked without issue until 2018. *Id.* ¶¶ 34, 65. Plaintiff alleges his work environment

became hostile and discriminatory when Townsend became the head of ID in or around 2018. *Id.* ¶¶ 86, 88-100. Benitez was the second in command of ID at this time. *Id.* ¶ 55.

In approximately May 2018, Plaintiff claims that he told a colleague that he was half Puerto Rican, and Benitez interjected and yelled "You are not Puerto Rican," and that, "he 'knew who his people were and [Plaintiff] was not one of them.'" *Id.* ¶ 111. Plaintiff further alleges that, under Townsend, there were blatant preferential hiring, advancement, and placement opportunities for Caucasian or non-Black COs and civilians. *Id.* ¶¶ 89-98.

Plaintiff also claims that, when he reported these incidents, Defendants retaliated against him. Specifically, Plaintiff alleges that, on or around August 16, 2019, Townsend wrongfully suspended him for seven days without pay and threatened to expel him in response to a report that Plaintiff sent to his superiors regarding an inmate barricade incident. *Id.* ¶¶ 126-139. On July 18, 2021, following a temporary reassignment to a Rikers Island jail facility, Plaintiff shared an audio message recording that concerned the working conditions at Rikers in a nonpublic WhatsApp group chat. *Id.* ¶¶ 159-161, 164. Unbeknownst to Plaintiff, a colleague forwarded the voice message to COs outside of the group. *Id.* ¶ 162. Then, on or around July 20, 2021, DOCCS suspended Plaintiff for thirty days without pay for this message, calling it "conduct unbecoming." *Id.* ¶¶ 169, 172-176. Plaintiff contested this charge. *Id.* ¶¶ 170-171. Following his 30-day suspension, Plaintiff was transferred out of ID to Otis Bantum Correctional Facility within Rikers Island. *Id.* ¶¶ 177, 183-85. Plaintiff alleges that these actions were retaliatory, punitive, and part of a two-tiered disciplinary and speech standard that favored Caucasians and disfavored Black males. *Id.* ¶¶ 285-289.

On September 7, 2021, Plaintiff emailed former DOCCS Commissioner Vincent Schiraldi about his August 2019 suspension, July 2021 temporary assignment, suspension, and

reassignment, and the "leaked" WhatsApp message. *See,* Am. Compl. ¶ 220. On October 5, 2021, Defendants internally charged Plaintiff with "conduct unbecoming a member of service" for his WhatsApp audio message, which Plaintiff alleges was retaliation for his September 7 email to the Commissioner. *Id.* ¶¶ 222-26. Plaintiff further alleges that Defendants held the investigation open for more than one year before bringing the charges to the Office of Administrative Trials and Hearings ("OATH"), and that this negatively impacted his employment prospects. *Id.* ¶¶ 227-242.

## II. Plaintiff's Medical Leave

Plaintiff reports that, at all times relevant herein, he had multiple disabilities including sciatica with back pain, osteoporosis, high blood pressure, and COVID-19. *Id.* ¶¶ 15, 259. From January 4 to January 22, 2022, Plaintiff was out on sick leave due to COVID-19. *Id.* ¶ 261(a). From January 27 to February 9, 2022, Plaintiff was out of work because of "debilitating sciatica," which he believed was covered under the FMLA. *Id.* ¶ 261(b). For brief periods in May, June, and July of 2022, Plaintiff was on leave for severe knee swelling associated with his osteoporosis. *Id.* ¶¶ 261(c), (d), (f). In parts of June and August of 2022, Plaintiff was on leave due to nausea, dizziness, and other "severe symptoms associated with high blood pressure." *Id.* ¶¶ 261(e), (g).

## III. The August 15, 2022 Charge

On or about August 15, 2022, Plaintiff filed a class charge with the Equal Employment Opportunity Commission ("EEOC") alleging race/national origin, sex, and race plus sex discrimination and retaliation against DOCCS (the "Aug. 2022 Charge"). *Id.* ¶ 290. Then, on August 31, 2022, DOCCS placed Plaintiff on "Chronic Absent" status. Plaintiff alleges this was retaliation in response to his EEOC charge. *Id.* ¶ 262.

On September 2, 2022, DOCCS served Plaintiff with two command disciplines and notified Plaintiff that he was being changed from the morning tour to the night tour. *Id.* ¶¶ 304-

28. One week later, Plaintiff received notice that DOCCS had filed a second OATH disciplinary charge against him for inefficiently performing his assigned duties and conduct unbecoming of an officer. *Id.* ¶¶ 329-31, 344-45, 347-53. On September 12, 2022, DOCCS attorney and Director of Intelligence, Investigation & Trials Division, Joshua Pal, informed Plaintiff's OATH attorney of the second charge and offered an administrative plea, which Plaintiff claims Pal tried to intimidate him into taking. *Id.* ¶¶ 224, 354-58. When Plaintiff rejected the plea, Pal informed him that DOCCS would be seeking his termination at an upcoming hearing. *Id.* ¶¶ 360-63. Plaintiff alleges that these actions also were in retaliation in response to the Aug. 22 Charge. *Id.*

**IV. FMLA Request and the October 13, 2022 Charge**

On or about September 12, 2022, Plaintiff submitted a request for FMLA leave from October 1 to December 19, 2022, to the internal Equal Employment Office Officer Deputy Director at DOCCS. *Id.* ¶¶ 366; 264-276. The next day, DOCCS emailed Plaintiff an FMLA application package. *Id.* ¶ 371. On September 20, 2022, Plaintiff submitted his FMLA paperwork to DOCCS Warden Sonya Harden and submitted the same paperwork to Cozetta Profitt of DOCCS Human Resources two days later. *Id.* ¶¶ 374-75, 378, 380-83. Plaintiff's submission included medical documentation and a certification from his orthopedic surgeon about his diagnosis and treatment plan. *Id.* ¶¶ 374, 382-384. DOCCS did not send Plaintiff an FMLA eligibility notice until September 29, 2022. *Id.* ¶¶ 387-90.

On October 13, 2022, while continuing to work, Plaintiff emailed Profitt: "I may be forced to resign if am not promptly notified of the approval for my pending FMLA leave request." *Id.* ¶¶ 422-23. The next day, Profitt responded and informed Plaintiff that he had submitted an incomplete FMLA leave package. *Id.* ¶¶ 424-30. Plaintiff responded on October 18, 2022, that: (1) he should have already received his designation notice; (2) his leave was not foreseeable; and

(3) even if it were foreseeable, his leave still would begin 30 days after his initial request for FMLA leave. *Id.* ¶¶ 431-33.

DOCCS emailed Plaintiff on November 2, 2022, acknowledging that he currently was working and inquiring when his leave would begin. *Id.* ¶¶ 441-45. On November 4, 2022, Plaintiff responded with his original FMLA paperwork and noted that his requested leave date was October 1, but he was continuing to work while waiting for approval. *Id.* ¶ 448. The same day, DOCCS emailed Plaintiff, "I cannot process your audit, it shows you are working. Once again provide a start date for this request." *Id.* ¶ 449. Plaintiff resigned on November 11, 2022. *Id.* ¶¶ 450-51. On November 29, 2022, DOCCS sent Plaintiff an email officially denying his FMLA leave and claiming they had not received the necessary documentation detailed in their November 4 email. *Id.* ¶ 453. Plaintiff contends that he responded to the November 4 email and provided his leave start date to DOCCS numerous times. *Id.* ¶¶ 454-55.

On October 3, 2022, Plaintiff filed a second class charge with the EEOC, which was cross-filed with the New York State Division of Human Rights ("NYSDHR") (the "Oct. 2022 Charge").[1] *Id.* ¶ 9. On March 25, 2024, the EEOC issued a notice of right to sue for the Aug. 2022 Charge. *Id.* ¶ 10. Plaintiff does not state whether he has received a notice of right to sue for the Oct. 2022 Charge. Plaintiff commenced the instant action on June 23, 2024. *See*, Compl.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 8, a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Rule 8 is

[1] "Under a Work Sharing Agreement in effect between the New York State Division of Human Rights and the [EEOC], a charge of discrimination filed with either agency is considered to be constructively cross-filed with the other." *Smith v. Long Island Univ.*, 2007 WL 1541299, at *5 n.5 (E.D.N.Y. May 25, 2007).

intended to prevent "unnecessary prolixity," which "places an unjustified burden on the court and the responding party." *In re Merrill Lynch & Co., Inc. Rsch. Rep. Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (internal quotation marks and citation omitted).

"A complaint should not be a preview of counsel's argument to the jury at the end of the case[,] . . . and it should avoid unnecessary facts, descriptive terms, . . . repetitions, . . . argumentative language, or characterizations[.]" *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233-34 (E.D.N.Y. 1999). Allegations should be direct and concise because they "should be relevant to the cause of action brought." *In re Merrill Lynch & Co., Inc. Rsch. Rep. Sec. Litig., 218 F.R.D.* at 78 (citation omitted). "When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial[.]" *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (Summary Order) (internal quotation marks and citation omitted).

**DISCUSSION**

The Amended Complaint fails to comply with Rule 8. At 157 pages and 867 paragraphs, the Amended Complaint is far from a short and concise statement of facts. Rule 8 "places the burden squarely upon" Plaintiff to succinctly state his claims, and it is neither Defendants' nor the Court's duty to "sift through the Complaint and guess which factual allegations support which claims." *Infanti v. Scharpf*, 2008 WL 2397607, at *2-3 (E.D.N.Y. June 10, 2008) (internal quotation marks and citation omitted).

Here, the surplus of details and repetition renders it nearly impossible for the Court to determine which facts are relevant to Plaintiff's claims. For instance, the Amended Complaint discusses Plaintiff's previous career as a bond analyst and the beginning of his 11-year tenure at DOCCS, neither of which are relevant to Plaintiff's claims. *See,* Am. Compl. ¶¶ 60-64. Plaintiff

also spends a considerable amount of time describing his "exemplary record," "work ethic," and "professionalism." *Id.* ¶¶ 63-65, 69-73, 80-83, 123-25, 220, 222. Plaintiff then outlines, in great detail, every conceivable action involving Defendants that Plaintiff perceives as discriminatory, including Defendants' interactions with individuals who are not party to this lawsuit. *Id.* ¶¶ 74-77, 198-212. Plaintiff also needlessly cites several news articles, podcasts, and other pieces of media. *Id.* ¶¶ 142 n.2, 199. Finally, the Amended Complaint is redundant, argumentative, long-winded, and dedicates an inordinate amount of time to reproducing scores of lengthy messages, emails, and other communications. *Id.* ¶¶ 198-207 (describing an instance of preferential treatment of a Caucasian CO and then summarizing the facts previously stated), ¶¶ 229-237 (detailing a retaliatory act and the summarizing the facts previously stated), ¶ 469 (repeating a statement alleged in a previous paragraph); ¶¶ 142, 161, 199, 220, 223, 240, 307, 336, 348, 354, 357, 366, 400, 414, 418-20, 423, 448, 453, 465, 469 (reproducing emails, messages).

Courts faced with similarly prolix complaints, including this one, have dismissed them. *See, e.g.*, *Washburn v. Kingsborough Community College*, 2022 WL 843733, at *3 (E.D.N.Y. Mar. 23, 2022) (dismissing 62-page, 504-paragraph amended complaint alleging discrimination and retaliation for failure to comply with Rule 8); *Celli*, 699 F. App'x at 89 (affirming dismissal of *pro se* complaint for failure to comply with Rule 8). Even in complex cases asserting claims of fraud under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, where it is well established that "complaints often might need to be somewhat longer than many complaints," courts have dismissed complaints that fail to comply with Rule 8. *See*, *Infanti*, 2008 WL 2397607, at *3 (dismissing 90-page, 500-paragraph RICO complaint under Rule 8). Notably, the Amended Complaint in this action is drafted by counsel and, as such, its noncompliance with Rule 8 is unacceptable. *See*, *Washburn*, 2022 WL 843733, at *3. While Plaintiff might consider every

interaction with Defendants as significant, it is counsel's job to determine which facts are relevant to Plaintiff's legal claims and present them in a clear and concise manner.

The Amended Complaint's failure to comply with Rule 8 warrants dismissal. However, the Second Circuit has instructed that where, as here, a complaint is not "incomprehensible, and it . . . pleads at least some claims that cannot be termed frivolous on their face[,]" plaintiffs should be granted leave to amend. *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp.2d 390, 397 (E.D.N.Y. 1998) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988)). Accordingly, Plaintiff is granted leave to amend the Amended Complaint within 30 days of the issuance of this Memorandum and Order, and by no later than November 9, 2026, with instructions to pay special heed to the pleading requirements of Rule 8. The Court warns Plaintiff's counsel that continued failure to comply with Rule 8 may warrant dismissal with prejudice.

In light of this ruling, the Court need not address Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(c) or 23(a).

## CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed without prejudice as prolix in violation of Rule 8. However, Plaintiff is granted leave to amend, consistent with this Memorandum and Order, BY NO LATER THAN NOVEMBER 9, 2026, with instructions to pay special heed to the pleading requirements of Rule 8. Failure to amend the Amended Complaint timely will result in dismissal of this action with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
October 8, 2026

/s/
DORA L. IRIZARRY
United States District Judge